# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0082** (Kanawha County 13-F-490)

**John Johnson, Defendant Below,**
**Petitioner**

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner John Johnson, by counsel Edward Bullman, appeals the Circuit Court of Kanawha County's December 6, 2013, sentencing order following his conviction of one count of first degree sexual abuse. The State of West Virginia, by counsel Derek Knopp, filed a response. On appeal, petitioner argues that the circuit court committed reversible error when it failed to grant him a judgment of acquittal as a result of an inconsistent verdict.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, petitioner was indicted on three counts of first degree sexual abuse in violation of West Virginia Code § 61-8B-7.[1] The acts occurred in 2007 and involved the daughter of petitioner's girlfriend. A jury trial was held in October of 2013, during which the victim testified that petitioner had his hand in her pants and that it was on her "private part." The evidence at trial also included a text message from petitioner to the victim's sister wherein he stated that his finger was on the victim's vagina. Petitioner was convicted of one count of first degree sexual abuse and acquitted on the remaining counts.

On October 29, 2013, petitioner filed a motion for judgment of acquittal pursuant to Rule 29(c) of the West Virginia Rules of Criminal Procedure on the ground of inconsistent jury verdict. Petitioner argued that he should have been acquitted because the jury verdict was inconsistent. In December of 2013, the circuit court sentenced petitioner to five to twenty-five years of incarceration for one count of first degree sexual abuse. Petitioner was also sentenced to fifty years of supervised release upon completion of his incarceration. This appeal followed.

---

[1]All three counts of the indictment specifically charged petitioner with "sexual contact between the hand of [petitioner] . . . and the female sex organ of K.H."

1

We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). On appeal, petitioner urges this Court to re-examine its prior holding in syllabus point five of *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987), wherein the Court stated that "[a]ppellate review of a claim of inconsistent verdicts is not generally available." Petitioner argues that the jury's acquittal on count two precludes a finding of guilt on count one because the crimes involved the same offenses and were based on accusations that happened within minutes of each other. We disagree. Even if appellate review of a claim of inconsistent verdicts were reviewable, it is clear from a review of the record that the verdict was not inconsistent. The victim testified and petitioner admitted in a text message that he touched her private area on one occasion. Therefore, the jury's guilty verdict as to the first count of first degree sexual abuse is not inconsistent with its acquittal on the second and third counts.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II